﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/19 Archive Date: 09/30/19

DOCKET NO. 190413-7919
DATE: September 30, 2019

ORDER

New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for type 2 diabetes mellitus.

New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for heart disease.

New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for hypothyroidism.

New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for erectile dysfunction.

New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for a prostate disability.

New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for onychomycosis.

New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for bilateral hearing loss.

New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for hypertension.

New and relevant evidence has not been submitted to reopen the claim of entitlement to service connection for an acquired psychiatric disorder.

New and relevant evidence has not been submitted to reopen the claim of entitlement to service connection for chronic fatigue syndrome.

REMANDED

Entitlement to service connection for type 2 diabetes mellitus is remanded.

Entitlement to service connection for heart disease is remanded.

Entitlement to service connection for hypothyroidism is remanded.

Entitlement to service connection for erectile dysfunction is remanded.

Entitlement to service connection for a prostate disability is remanded.

Entitlement to service connection for onychomycosis is remanded.

Entitlement to service connection for hypertension is remanded.

Entitlement to service connection for bilateral hearing loss is remanded.

FINDINGS OF FACT

1. New evidence was received after the January 2014 denial that is relevant to the issues of entitlement to service connection for diabetes mellitus, heart disease, erectile dysfunction, and hypertension. 

2. New evidence was received after the September 2014 denial that is relevant to the issues of entitlement to service connection for hypothyroidism, prostate disability, onychomycosis, and bilateral hearing loss. 

3. New evidence was not received after the January 2014 denial that is relevant to the issues of entitlement to service connection for an acquired psychiatric disorder and chronic fatigue syndrome. 

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim for service connection for type 2 diabetes mellitus have been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105. 

2. The criteria for readjudicating the claim for service connection for heart disease have been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105. 

3. The criteria for readjudicating the claim for service connection for hypothyroidism have been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105. 

4. The criteria for readjudicating the claim for service connection for erectile dysfunction have been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105. 

5. The criteria for readjudicating the claim for service connection for a prostate disability have been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105. 

6. The criteria for readjudicating the claim for service connection for onychomycosis have been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105. 

7. The criteria for readjudicating the claim for service connection for bilateral hearing loss have been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105. 

8. The criteria for readjudicating the claim for service connection for hypertension have been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105. 

9. The criteria for readjudicating the claim for service connection for an acquired psychiatric disorder have not been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105. 

10. The criteria for readjudicating the claim for service connection for chronic fatigue syndrome have not been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C. § 5108, 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP). 

The Veteran served on active duty in the United States Air Force from September 1965 to March 1969, including service at Andersen Air Force Base in Guam. He selected the Higher-Level review lane when he submitted the RAMP election form. The Veteran timely appealed this RAMP decision to the Board and requested direct review of the evidence considered by the RO.

1. New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for type 2 diabetes mellitus. 

2. New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for heart disease. 

3. New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for hypothyroidism. 

4. New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for erectile dysfunction. 

5. New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for a prostate disability. 

6. New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for onychomycosis. 

In the March 2019 RAMP decision, the AOJ implicitly found that new and relevant evidence had been submitted with respect to the Veteran’s claims for service connection for diabetes mellitus, heart disease, hypothyroidism, erectile dysfunction, prostate disability, and onychomycosis. Specifically, the AOJ noted that newly submitted treatment records contained diagnoses of these conditions. The Board is bound by these favorable findings. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07. Thus, readjudication of these claims is warranted. 

7. New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for hypertension. 

VA will readjudicate a claim if new and relevant evidenced is presented or secured. AMA, Pub. L. No. 115-55, § 5108, 131 Stat. 1105, 1109. “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. AMA, Pub. L. No. 115-55, § 101(35), 131 Stat. 1105, 1105.

The question in this case is whether the Veteran submitted evidence after the prior final denial of his claim for service connection for hypertension in the legacy system, in January 2014, and if so, whether that evidence is new and relevant to his claim. 

Since the prior final denial of his claim in January 2014, the Veteran has raised the theory that his hypertension is secondary to his diabetes and heart disease, and submitted evidence that such is due to dioxin exposure during his service at Andersen Air Force Base. See February 2016 Veteran statement; see also July 2016 evidence linking dioxin to heart disease, diabetes, and numerous other disabilities and diseases. The Board finds that this evidence is new and relevant to his claim, and readjudication of the claim is warranted. 

8. New and relevant evidence has been submitted to reopen the claim of entitlement to service connection for bilateral hearing loss. 

VA will readjudicate a claim if new and relevant evidenced is presented or secured. AMA, Pub. L. No. 115-55, § 5108, 131 Stat. 1105, 1109. “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. AMA, Pub. L. No. 115-55, § 101(35), 131 Stat. 1105, 1105.

The question in this case is whether the Veteran submitted evidence after the prior final denial of his claim for service connection for bilateral hearing loss in the legacy system, in September 2014, and if so, whether that evidence is new and relevant to his claim. 

Since the prior final denial of his claim in September 2014, the Veteran has submitted an August 2012 private audiological evaluation that reveals bilateral hearing loss in accordance with 38 C.F.R. § 3.385. See Kelly v. Brown, 7 Vet. App. 471, 474 (1995) (wherein the Court stated that it does not have the power to interpret the results of a graphic-type audiogram, and further indicating the Board is empowered to make such factual findings in the first instance). The Board finds that this evidence is new and relevant to his claim, and readjudication of the claim is warranted. 

9. New and relevant evidence has not been submitted to reopen the claim of entitlement to service connection for an acquired psychiatric disorder.

10. New and relevant evidence has not been submitted to reopen the claim of entitlement to service connection for chronic fatigue syndrome.

The question in this case is whether the Veteran submitted evidence after the prior final denial of his claims for service connection for an acquired psychiatric disorder and for chronic fatigue syndrome in the legacy system, in January 2014, and if so, whether that evidence is new and relevant to his claims. 

Since the prior final denial of his claim in January 2014, the Veteran has presented no new and relevant evidence regarding his claims. While the Veteran has submitted new evidence as to a relationship between dioxin exposure and the development of diseases, such evidence did not list or address chronic fatigue syndrome, and the Veteran has otherwise presented no new and relevant evidence as to the etiology of his acquired psychiatric disorder and chronic fatigue syndrome. Hence, readjudication of these claims is not warranted. 

REASONS FOR REMAND

11. Entitlement to service connection for type 2 diabetes mellitus is remanded.

12. Entitlement to service connection for heart disease is remanded.

13. Entitlement to service connection for hypothyroidism is remanded.

14. Entitlement to service connection for erectile dysfunction is remanded.

15. Entitlement to service connection for a prostate disability is remanded.

16. Entitlement to service connection for onychomycosis is remanded.

17. Entitlement to service connection for hypertension is remanded.

The Veteran contends that his type 2 diabetes mellitus and heart disease are secondary to herbicide exposure and other chemicals while stationed at Andersen Air Force Base in Guam, and that his hypothyroidism, erectile dysfunction, prostate disability, onychomycosis, and hypertension are secondary to his diabetes mellitus and/or heart disease. He has submitted voluminous amounts of evidence in support of his claim, and the Board in its prior May 2013 decision conceded the Veteran had some exposure to herbicides and other chemicals while he was stationed in Guam. These matters are remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 173 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2601(g)); VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 189-90 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.802(a)). 

18. Entitlement to service connection for bilateral hearing loss is remanded.

This matter is remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. Specifically, as indicated above, the evidence of record shows the Veteran has bilateral hearing loss. See August 2012 private medical audiological evaluation report. The Veteran contends he suffered acoustic trauma during his active service working around aircraft, and he has submitted supporting lay statements. See August 2005 D.Z. statement; June 2006 A.P. statement. In light of the evidence presented, the Board finds that the “low threshold” requirement under McLendon v. Nicholson, 20 Vet. App. 79 (2006) is met, and the Veteran should be afforded a VA examination to determine the nature and etiology of his bilateral hearing loss. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination(s) to determine the nature and etiology of his diabetes mellitus, heart disease, hypothyroidism, erectile dysfunction, prostate disability, onychomycosis, and hypertension. The claims file, including a copy of this remand, must be provided to the examiner in conjunction with the requested opinion. All indicated tests and studies should be conducted, and all findings reported in detail. 

The examiner is asked to address the following: 

(a) Provide a diagnosis for any heart, skin, or prostate disability found. If no such disability is diagnosed, the examiner must indicate whether the Veteran’s reported heart, skin, or prostate disabilities cause any functional impairment. 

(b) Opine as to whether it is at least as likely as not (50 percent probability or higher) that any currently diagnosed diabetes, heart disease, hypothyroidism, erectile dysfunction, prostate disability, hypertension, or skin disability had its onset in or is otherwise related to active service, including conceded herbicide and chemical exposure in Guam. The examiner should review the treatise evidence submitted by the Veteran in support of his claim. 

(c) Opine as to whether any diagnosed heart disease, hypothyroidism, erectile dysfunction, prostate disability, onychomycosis or hypertension is proximately due to his diabetes mellitus. 

(d) Opine as to whether any diagnosed heart disease, hypothyroidism, erectile dysfunction, prostate disability, onychomycosis or hypertension has been aggravated (worsened beyond natural progression) by his diabetes mellitus. 

(e) Opine as to whether any diagnosed diabetes mellitus, hypothyroidism, erectile dysfunction, prostate disability, onychomycosis or hypertension is proximately due to his heart disease. 

(f) Opine as to whether any diagnosed diabetes mellitus, hypothyroidism, erectile dysfunction, prostate disability, onychomycosis or hypertension has been aggravated (worsened beyond natural progression) by his heart disease. 

A complete rationale should be given for all opinions and conclusions expressed. If unable to provide a medical opinion, provide a statement as to whether there is any additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. 

(Continued on the next page)

 

2. Schedule the Veteran for an examination to determine the nature and etiology of his bilateral hearing loss. The claims file should be made available to and reviewed by the examiner. All appropriate tests should be conducted. Based on the results of the examiner, the examiner is asked to opine whether it is at least as likely as not (50 percent probability or higher) the Veteran’s bilateral hearing loss, if found, had its onset in or is otherwise related to service, including conceded acoustic trauma sustained therein. The absence of hearing loss pursuant to 38 C.F.R. § 3.385 during service cannot, standing alone, serve as a basis of a negative opinion. 

A complete rationale must be provided for all opinions. If unable to provide a medical opinion, provide a statement as to whether there is any additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge.

 

 

Rebecca N. Poulson

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Marley, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.